IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02342-BNB

JOHN ESTEL CURREN,

      Applicant,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections, and
JOHN SUTHERS, Attorney General,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, John Estel Curren, resides in Aurora, Colorado, and is serving a mandatory parole. Mr. Curren initiated this action *pro se* by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5 filing fee.

On September 9, 2013, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On September 30, 2013, Respondents filed a Response. Mr. Curren filed a Reply on October 21, 2013.

The Court must construe Mr. Curren's Application and Reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for failure to exhaust state court remedies.

Mr. Curren asserts that he originally was sentenced in 2002 to two life sentences plus twenty-four years.  Application at 2.  Subsequently, as a result of his Colo. R. Crim. P. 35(c) postconviction motion, Mr. Curren was acquitted of the 2002 conviction and a new trial was set.  *Id.* at 3.  After appeals of the acquittal by the State, which were denied, the second trial was held in April 2011.  *Id.*  The jury found Mr. Curren guilty of accessory to a crime.  *Id.*  The trial court sentenced him to twelve years in prison and awarded 3,503 days of credit for time served.  *Id.*  Mr. Curren's counsel then filed a motion for an amended mittimus that was granted and issued on May 4, 2011.  *Id.*  The amended mittimus states that Mr. Curren is eligible for earned time credits nunc pro tunc to April 25, 2002.  Application, Attach. at 36.

At issue is the DOC's refusal to award Mr. Curren with earned time credits for the time he was incarcerated from April 25, 2002, to April 29, 2011, a total of 980 days. Application at 4.  Mr. Curren asserts that he filed a habeas corpus petition in the Adams County District Court on December 14, 2012, seeking an award of the earned time credit, but the court denied the petition and directed Mr. Curren that he must file a separate civil action in the county where he resides.  *Id.* at 5.  Mr. Curren then filed a Colo. App. R. 21 petition requesting that the Colorado Supreme Court order the Adams County District Court to rule on the earned time credit issue.  *Id.*  The Colorado Supreme Court denied the Rule 21 petition.  *Id.*

In his Reply, Mr. Curren asserts that he has exhausted his state court remedies because he had the right to petition the Adams County District Court for a writ of habeas corpus under Colo. Rev. Stat. § 13-45-101 for enforcement of the court's previous order to amend the mittimus.  He further contends that no other state court had jurisdiction to

2

hear the earned time credits issue, including the Colorado Court of Appeals, because the denial was not a decision on the merits and, therefore, not a final judgment. Mr. Curren also contends that once an issue is presented to the State's highest court he has exhausted state court remedies and there is no need to file successive motions to exhaust. *Id.*

An applicant must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per

3

curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Respondent argues that Mr. Curren has not exhausted state remedies because he failed either to file a direct appeal of the Adams District Court's denial of his habeas petition or to file a separate civil action as directed by the criminal sentencing court. Prelim. Resp. at 5.  Respondent contends that filing a Colo. App. R. 21 petition in the Colorado Supreme Court is not a fair presentation of the merits of Applicant's claims to the highest state court.  *Id.*

The original proceeding Mr. Curren filed in the Colorado Supreme Court pursuant to Rule 21 does not satisfy the fair presentation requirement because, if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).  The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ.  *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).  Furthermore, relief under Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal . . . , is available.  Colo. App. R. 21(a)(1).  As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that

4

the court has considered the merits of the argument.  *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).

A habeas corpus proceeding filed pursuant to the Habeas Corpus Act (Act) is a civil action, *e.g., Wright v. Tinsley,* 148 Colo. 258, 365 P.2d 691 (1961); *Geer v. Alaniz,* 137 Colo. 432, 326 P.2d 71 (1958), and it is independent of proceedings directly related to the underlying criminal charges, *People v. Lent,* 187 Colo. 248, 529 P.2d 1317 (1975); *Oates v. People,* 136 Colo. 208, 315 P.2d 196 (1957).  A prisoner contesting the legality of his detention pursuant to the Act may commence a proceeding in any appropriate district court, but it is improper to file the habeas petition in the original criminal case.  *See Stilley v. Tinsley*, 153 Colo. 66, 88 (Colo. 1963).

Mr. Curren did not exhaust his state court remedies by filing the Rule 21 petition. It appears that currently Mr. Curren has state court remedies available to address his eligibility for earned time credits.  The Court, therefore, will dismiss the action for failure to exhaust state court remedies.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Curren files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention.  It is

5

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED December 3, 2013, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court